# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Billy Devar Morrison, Jr. ) | Civil Action No.: 4:17-cv-02657-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Greenville County Detention Center, ) | |
| Ofc. Bradley, Mandy Mathis, ) | |
| Cpt. D. Martin, Medical Olszewski, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), filed on October 10, 2017 recommending that the court summarily dismiss this action without prejudice, and without issuance and service of process. Plaintiff sues Defendants Bradley, Mathis, Martin, and Olszewski in their official capacities, thus they are entitled to Eleventh Amendment immunity. (ECF Nos. 1 at 2-3; 8 at 5.) Moreover, a defendant in a section 1983 action must qualify as a person; thus, because the Greenville County Detention Center is not a person, Plaintiff cannot assert a section 1983 claim against it. (ECF No. 8 at 5.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 8 at 7.) Plaintiff filed an "appeal" of the Report which was styled as an objection, but it is not specific to the Report.[1]

Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. For this reason, the court **ACCEPTS** the Report's recommendation to (ECF No. 8) **DISMISS WITHOUT PREJUDICE** this cause of action, and not to issue and serve process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 16, 2018
Columbia, South Carolina

---

[1] Plaintiff asks the court to allow time to fix his errors on his Complaint, and for a hearing where he may obtain the effective assistance of counsel. (ECF No. 10.) The Report noted in a footnote that Plaintiff may amend his Complaint once before a responsive pleading is filed, and that this may cure the deficiency in Plaintiff's Complaint. However, Plaintiff did not amend his Complaint further.